### HOLMES v. UNITED STATES.
### No. 11766.

Circuit Court of Appeals, Eighth Circuit.

March 18, 1942.

---

[3] Cf. Nourse, Three Years of the AAA (1937) 401–412.

[4] Cf. Johnson, AAA Refunds: A Study in Tax Incidence (1937) 37 Col.L.Rev. 910.

Robert C. Belt, Judge.

Leo S. Holmes was convicted of violating the Securities Act of 1933, § 17(a) (1), 15 U.S.C.A. § 77q(a) (1), and of using the mails to defraud, and he appeals.

Order entered granting appellant opportunity for preparation, presentation, settling and filing of suitable bill of exceptions in compliance with mandate of Supreme Court, 62 S.Ct. 357, 86 L.Ed. ——, vacating judgment of Circuit Court of Appeals, 115 F.2d 528.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

The Supreme Court of the United States on December 8, 1941, (62 S.Ct. 357, 86 L.Ed. ——), on consent of the Government, vacated the judgment of this Court affirming the appellant's conviction (115 F.2d 528), and remanded the case "with instructions to enter an order affording reasonable opportunity for the preparation, presentation, settling, and filing of a suitable bill of exceptions, and with permission to the court to hear argument and redetermine the case in so far as that course may be required if such a bill is filed, or to take such further proceedings and enter such further orders as may seem appropriate if no adequate bill can be settled."

For the purpose of complying with this mandate of the Supreme Court, it is ordered that the appellant may, at any time within one year from the date hereof, prepare, present, have settled and file a suitable bill of exceptions in this case, and that the trial judge, at any time within one year, is authorized and directed to settle and allow such bill of exceptions if presented to him.

It is further ordered that, upon the filing in this Court of an adequate bill of exceptions, duly settled, the appellant shall have sixty days from the filing date to file and serve his brief, and that the Government shall have thirty days after receiving his brief to file and serve its answering brief, and that the appellant shall then have thirty days to file and serve a reply brief, and that the case shall then be set down for argument and final submission at the term of this Court next following the filing of the appellant's last brief.

The Attorney General of the United States and the United States Attorney for the District of Nebraska are requested to furnish the appellant with all the information and assistance possible in the preparation, presentation and settling of a suitable bill of exceptions, and are further requested to advise this Court, as soon as practicable and not later than ninety days from the date hereof, what steps they have taken and are taking to assist the appellant to procure, present and have settled a suitable bill of exceptions.

To enable the Attorney General and the United States Attorney of the District of Nebraska intelligently to assist the appellant in procuring a suitable bill of exceptions, the appellant is directed to furnish the United States Attorney with a statement of each error which the appellant asserts was committed by the court below in the trial of the case and with the appellant's proposed bill of exceptions. When the appellant has furnished the United States Attorney with a statement of the errors which the appellant alleges were committed on the trial, and with his proposed bill of exceptions, the United States Attorney shall, within thirty days thereafter, advise the appellant and this Court in what respects, if any, the Government contends the proposed bill is inaccurate and incomplete, and shall, so far as possible, furnish to the appellant any and all amendments and additional matter which the Government considers should be made

and incorporated in the bill of exceptions in order to enable the trial judge to settle and allow it and to enable this Court to rule upon the questions which the appellant proposes to present. The appellant shall then forward to the trial judge his proposed bill of exceptions with the amendments and additions, if any, proposed by the Government; and if the proposed bill of exceptions, with the amendments and additions proposed by the Government, is found to conform substantially to the truth and to be sufficiently complete to cover the errors assigned, the trial judge shall settle the bill. If the trial judge shall find that the proposed bill of exceptions, with the proposed amendments and additions, does not conform to the truth or is inadequate, he shall make an order disallowing the proposed bill as amended and supplemented by the Government, stating specifically his reasons for its disallowance. The appellant may, within sixty days thereafter, propose such additions and corrections as he may desire to make, and the United States Attorney and the Attorney General are requested to assist the appellant in making such additions and corrections as will enable the appellant to have his proposed bill of exceptions settled and allowed by the trial judge; and the trial judge is authorized and directed to again consider the sufficiency of such bill of exceptions as finally proposed and to make an order either settling or refusing to settle the same.

In case the appellant is unable to procure the settlement of a suitable bill of exceptions, he may, nevertheless, file with this Court his proposed bill of exceptions, with the amendments and additions, if any, proposed by the Government, together with a statement of the efforts he has made to procure a suitable bill of exceptions and of the reasons why he has been unable to procure the settlement of such a bill, including the reasons given by the trial judge for declining to settle and approve the proposed bill of exceptions; and the appellant may then apply to this Court for such further order or orders and such further action as he may deem appropriate.

Since the coming down of the mandate of the Supreme Court in this case, the appellant has applied to this Court for release on bail. He has entered upon the execution of his sentence, and his application for bail is denied.

The appellant has requested this Court to assist and advise him as to the steps it is necessary for him to take to secure a review of this case. Obviously, the members of this Court cannot furnish him with legal advice or assistance. If the appellant desires the appointment of counsel to assist him in the further prosecution of his appeal, counsel of his own choosing will be appointed by the Court upon his written request.

The appellant may, at any time, apply to this Court for further orders respecting this case, sending copies of his applications to the United States Attorney for the District of Nebraska.

The procedure outlined in this order is adopted solely for the purpose of complying with the mandate of the Supreme Court above referred to, and is not to be regarded as representing permissible procedure in this Court in a case in which an appellant has failed to present an adequate record on appeal.