### UNITED STATES of America
### v.
### William S. LAWLER.
### Cr. No. 5457.

United States District Court
S. D. Texas,
Corpus Christi Division.
April 17, 1959.

Wm. B. Butler, U. S. Atty., Houston, Tex., for plaintiff.

William S. Lawler, pro se.

ALLRED, District Judge.

One of the burdens of a Judge is to hear and screen with patience repeated pleas and motions, generally without merit, from those whom he has been compelled to sentence to prison. Com-plaints of some with whom the Judge sometimes has been most indulgent are a bit irritating, even to one who prays for patience. These have multiplied in recent years in the light of various decisions by a Supreme Court which commendably has exhibited perhaps the greatest concern for individual rights and constitutional guarantees in all the history of the Court. Each new decision brings a host of motions in almost identical language, probably prepared by some convict lawyer or student, following a common pattern and quoting some general statement from the latest decision whether it is relevant or not.

The foregoing applies to Lawler and the present proceeding.

On Friday, Oct. 17, 1952, defendant secured possession of a 1949 Pontiac from a used car dealer in Corpus Christi, promising to return the following morning and complete its purchase. Instead he returned that night and burglarized the dealer's office, stealing $88.25 in cash, some checks, a wristwatch and the registration papers on another car. He was arrested while driving the Pontiac in Williams, Arizona, returned to Corpus Christi and sentenced in state court to five years in the Texas penitentiary for burglary of the used car dealer's office.

On April 6, 1953, defendant was indicted in this court for violating the Dyer Act[1] by transporting the Pontiac to Arizona with knowledge that it had been stolen. Since he had entered upon service of the state court sentence, defendant was brought from the state penitentiary for trial before this Court by writ of habeas corpus ad prosequendum.

On April 7, 1953, Hon. Neal Dancer, a capable attorney who specialized in criminal law, was appointed to represent defendant. On April 15, 1953, a jury having been waived, trial was to the Court upon a plea of not guilty. The facts were not disputed, the only issue being whether the Pontiac was a "stolen" motor vehicle within the meaning of the Dyer Act as then variously construed by the

1. 18 U.S.C.A. § 2312.

Courts of Appeals.[2] The writer held in a written memorandum filed on April 17, 1953, that, since defendant had secured possession by trickery and with an intent to steal, the car was "stolen." Defendant was, therefore, adjudged guilty.

On April 20, 1953, defendant was sentenced to two years but the sentence was suspended and he was placed on probation for three years conditioned on his good behavior, the period of probation to commence at the expiration of his state sentence. Defendant was returned to state custody for completion of the state sentence.

Lawler somehow managed to get released from his five year state sentence (which had been assessed in November, 1952), before November 17, 1954, since, on that date he was charged with forgery of six checks in San Antonio. On April 15, 1955, he was sentenced to five years on each of six counts (concurrent) and again incarcerated in the state penitentiary.

On recommendation of the probation officer of this Court, a warrant was issued directing that, when released from the state penitentiary, Lawler be brought before the Court to show why his probation should not be revoked. Thereafter defendant again "took his pen in hand" and, in two very appealing letters to the Court, asked that he be brought from the state prison for a hearing on the show cause order. In compliance with that request, the Court issued another writ of habeas corpus ad prosequendum, directing that, after the hearing in this Court, defendant be returned to the Warden of the state penitentiary.

The matter was set for hearing June 8, 1956. At that time defendant's court appointed counsel, although having had notice of the hearing, was out of the city; but Lawler insisted that he did not desire the services of such attorney, or any other attorney. Although repeatedly advised as to his right to counsel and that the court would postpone the hearing or appoint another attorney to represent and advise him without cost, defendant, a man of considerable court room experience, intelligently waived counsel for the hearing and insisted he wanted to go forward with it.

Defendant apparently thought that he himself could best again appeal to the sympathy of the Court. Indeed he did make a fervent appeal for continued probation upon completion of his state sentence, claiming that he would have a job with his former employer, American Body & Equipment Company at Grand Prairie, Texas. The Court refused the plea, revoked the probated sentence and sentenced defendant to two years in the custody of the Attorney General. The Court expressly stipulated from the bench that such sentence should commence to run upon expiration of the sentence defendant then was serving in the Texas state prison.[3]

After the hearing, in compliance with an agreement with state authorities and the order of this Court, defendant was returned to the Warden of the Texas penitentiary for completion of his state sentence. Having completed that sentence, he is now serving the two year sentence of this Court at Leavenworth. The Warden of the United States penitentiary there has forwarded, at Lawler's request, a "Description of Records To Be Furnished in Forma Pauperis (28 U.S.C.A. § 1915)." Defendant asks that

2. The conflicting decisions are listed in the later decision of the Supreme Court in United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430. The Court held that "stolen," as used in the Dyer Act, included any character of felonious taking or conversion even though the unlawful intent was formed after possession of the motor vehicle had been obtained legally.

3. Even if the sentence had not so provided it would not have commenced until the date he was received at the federal penitentiary, reformatory or jail for service of said sentence. 18 U.S.C.A. § 3568. Hayward v. Looney, 10 Cir., 246 F.2d 56; Stamphill v. United States, 10 Cir., 135 F.2d 177; Harrell v. Shuttleworth, D.C.Fla., 101 F.Supp. 408, affirmed 5 Cir., 200 F.2d 490; Zerbst v. McPike, 5 Cir., 97 F.2d 253.

he be furnished with free copies of the judgment, sentence and commitment, indictment or information, *transcript* of trial proceedings and of the hearing for revocation of probation. The motion concludes with this recital, common to others being received by the Court:

> "Petitioner relies on the precedent set by the Supreme Court in the *recent* case of Griffin v. People of the State of Illinois [351 U.S. 12], 76, S.Ct. 585 [100 L.Ed. 891], settled on April 23, 1956, these papers and records are to be furnished without cost or fee under the affidavit attached hereto and made a part hereof. These papers are needed to correct an illegal sentence and judgment." [4]

Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, cited by defendant, dealt with *state* denial of due process by virtue of an Illinois statute giving all convicted persons a right to full appellate review but requiring a bill of exceptions or report of the trial proceedings which could not be prepared without a stenographic transcript of the evidence. These transcripts were furnished free only to indigent defendants in *death* cases. Griffin and his codefendants received prison sentences for robbery and immediately moved, in forma pauperis, for a transcript of the evidence, alleging that failure to provide such transcript was a violation of due process and equal protection. That claim, *under the facts alleged and admitted there,* was sustained.

The Griffin case has no relevance here. As suggested by defendant's motion, the only authority for proceeding in forma pauperis in the United States Courts is Section 1915 of Title 28 U.S.C.A. That section provides that the Court *may* (not shall) "authorize the commencement, *prosecution* or *defense* of any *suit, action* or *proceeding,* civil or criminal, or *appeal* therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the *nature* of the *action, defense* or *appeal* and affiant's belief that he is entitled to redress."

Defendant has not moved for leave to *commence, prosecute* or *defend* any *suit, action* or *proceeding.* He simply has filed a *motion* that he be furnished with a free transcript of proceedings already had, stating that it is needed to correct an illegal sentence and judgment. But even if he had asked leave to file the motion, the Court would have discretion to determine whether it was filed in good faith, which means there must be some merit.[5] In order that the Court may exercise this discretion intelligently, the statute requires a citizen to state under oath, the *nature* of the action, defense or appeal. In discharging this burden it is not enough to say, as defendant has, that "these papers are *needed* to correct an illegal sentence and judgment." The Court is entitled to be apprised, with some particularity, why or in what respects it is claimed the judgment is illegal. If this is done, the illegality of the sentence may be as apparent to the Court as it is to Lawler and it may not be necessary to refer to the transcript to support the claim. If the Court is not given the benefit of some definite allegation as to the *nature* of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith.

It has been the practice in this district to direct the Clerk to furnish copies of the indictment, judgment, sentence and commitment to prisoners who have been convicted here; but the judges uniformly have refused to direct the furnishing of a transcript of the evidence upon motions of this type.[6] The present motion fails

---

4. Emphasis supplied throughout this memorandum unless otherwise indicated.

5. Parsell v. United States, 5 Cir., 218 F. 2d 232.

6. Cf. United States v. Carter, D.C.D.C., 88 F.Supp. 88; United States v. Bernett, D.C.Md., 92 F.Supp. 26, affirmed 4 Cir., 183 F.2d 1024.

to comply with the statute and is completely without merit. It is refused except as to copies of the indictment, judgment, sentence and commitment.

The Clerk will notify counsel and send a copy of this memorandum to defendant.