**William S. CULBERT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17383.

United States Court of Appeals Eighth Circuit.

Jan. 6, 1964.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

William S. Culbert has appealed from an order denying his petition in which he seeks, without cost, pursuant to Title 28 U.S.C.A. § 1915,[1] a transcript of the proceedings in a criminal case in which he was convicted.

A chronological statement of the facts will bring into focus the question presented for our determination.

On January 5, 1962, appellant entered a plea of not guilty to a three-count in-

1. In pertinent part this section provides that any United States Court may authorize "the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress."

This section further provides that in any civil or criminal case the court may, "upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, * * *."

·formation alleging a violation of the nar-·cotic laws.[2]

Tried on January 30 and 31, 1962, appellant was found guilty of the three alleged offenses and on February 9, 1962, the court imposed a sentence of two years on each of Count I and III and six years on Count II and ordered sentences to run concurrently, for a total sentence of six years. No appeal was taken from this judgment, but on July 3, 1962, appellant filed a motion to reduce the sentence and for correction of illegal sentence.[3]

The court denied the motion on October 25, 1962, and on November 28, 1962, appellant filed another motion seeking a "transcribed copy of the trial minutes and records * * * as a poor person, without costs." On December 20, 1962, the court denied the motion and filed a memorandum and order (unreported). The principal reason for denial is found in this portion of the order:

"In this case defendant's motion discloses no pending suit, action, proceeding or appeal as contemplated by the statute [Title 28 U.S.C.A. § 1915], nor is the motion accompanied by the requisite affidavit. Therefore under the statute this Court has no power to consider defendant's motion for a transcript of the record, information and other papers which he seeks to obtain without his being required to pay the fees therefor. United States v. Lott (W.D.Ky.) 171 F.Supp. 178, citing with approval United States v. Hoskins (E.D.Ky.) 85 F.Supp. 313, l. c. 314:

"'[N]o statutory provision is made for the furnishing to a petitioner, without prepayment of costs, certified copies of the records of the Court merely for his examination in order to determine whether he wishes to engage in litigation.'

"The order of Judge Oliver in Dickerson v. United States (W.D.Mo.) Criminal No. 20805–1, entered May 18, 1962, is in accord."

On December 27, 1962, appellant filed what he denominated a "response" to the Government's brief (filed prior to December 20 order) opposing the furnishing of transcript of the proceedings. Therein, appellant asserted for the first time that his court-appointed lawyer was ineffective and incompetent. Treating this communication as (1) a motion to vacate sentence pursuant to Title 28 U.S.C.A. § 2255 and as (2) a review of the previously denied motion for a transcript of the proceedings, the court on March 20, 1963, denied the relief sought by memorandum and order, reported sub nom. United States v. Culbert, D.C., 215 F.Supp. 333.

On this appeal appellant contends that he—

"did not enjoy the right of competent counsel. Counsel allowed improper procedures to be applied in the instant case. Numerous infractions of prescribed procedure is a matter of record, and your petitioner can and will point out the significance of the above mentioned infractions at which (sic) time reliable records are made available to him."

■ As previously stated, no appeal was taken from the judgment of convic-

2. Appellant personally and by his court-appointed attorney waived prosecution by indictment. Count I of the information charged that on December 7, 1961, appellant acquired and obtained a quantity of marihuana without having paid the transfer tax thereon, in violation of Title 26 U.S.C.A. § 4744(a). Count II charged that on December 8, 1961, defendant transferred marihuana in violation of Title 26 U.S.C.A. § 4742(a), and Count III charged defendant with violating Title 26 U.S.C.A. § 4744(a) on December 8, 1961.

3. In this motion filed pro se, appellant sought a reduction of one year in the sentence. Title 26 U.S.C.A. § 7237(b) provides that for violation of § 4742(a) [Count II] the offender shall be imprisoned not less than five or more than twenty years, and may be fined not more than $20,000. This probably accounts for appellant's effort to secure a one-year reduction in the sentence.

tion and no proceedings are pending except this motion for an order requiring the Government to furnish appellant a transcript of the trial proceedings. In this situation, the narrow question is whether an indigent prisoner is entitled to such a transcript on the basis of general, obscure and uncertain assertions of incompetency of trial counsel. We think not. In our view, this case falls within the pronouncement made by the Fourth Circuit in United States v. Glass, 317 F.2d 200 at p. 202 (1963):

> "It is not contended, and if it were we could not uphold the contention, that an indigent may obtain a free transcript 'merely for his examination in order to determine whether he wishes to engage in litigation.' An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."

Cf. also Ketcherside v. United States, 6 Cir., 317 F.2d 807 (1963).

Appellant is seeking here what petitioner sought in United States v. Lawler, S.D.Tex., 172 F.Supp. 602 (1959). In denying the request for a transcript of the trial proceedings, the court in Lawler stated:

> "The Court is entitled to be apprised, with some particularity, why or in what respects it is claimed the judgment is illegal. * * * If the Court is not given the benefit of some definite allegation as to the *nature* of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith." 172 F.Supp. at 605.

The same may be said here. We have carefully examined all the files, papers and records from the inception of the criminal charges, and we are satisfied that appellant is on a fishing expedition —he desires a transcript at Government expense with some vague hope of dis-

covering a flaw in the proceedings which would entitle him to make collateral attack upon the judgment. There is no merit in his claim and the order appealed from is

Affirmed.