**Roberto Power BENTHIEM, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 7165.**

United States Court of Appeals First Circuit.

Submitted Sept. 30, 1968.

Decided Nov. 20, 1968.

---

Francisco A. Gil, Jr., U. S. Atty., and Candita R. Orlandi, Asst. U. S. Atty., on appellee's motion to dismiss.

Roberto Power Benthiem, pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

On September 13, 1967 appellant was convicted on three counts for violation of federal narcotics laws. Appellant took no appeal. On November 28, 1967 appellant filed a motion under 28 U.S.C. § 2255 to vacate his sentence. On January 4, 1968 the court held a hearing on the motion to vacate and advised court-appointed counsel to file a motion for transcript if he felt the transcript necessary. On January 19, 1968 appellant's counsel filed a memorandum in which he requested "the transcript of records and proceeding * * * in order that the undersigned attorney be in a position to fully advise his client, and perform dutifully the obligations he has as an officer of this Honorable Court."

On April 2, 1968 an order was filed dismissing the § 2255 petition. The court found that "the transcript of the trial proceedings is not necessary to determine whether or not the sentence should be vacated on the grounds claimed by the defendant in this case." The court further found that "the only specific allegation of violation of constitutional rights * * * which the Court must seriously pass upon is that of ineffective assistance of counsel." It concluded, however, that appellant had "failed to carry the burden of proving ineffective representation * * * There is nothing in the record to show that petitioner was precluded of effective assistance of counsel and denied a fair trial."

It is this ruling which presents the only issue meriting our consideration; namely, is the mere allegation of ineffective legal assistance enough to justify the furnishing of a transcript to a § 2255 appellant?[1] We hold that it is not.

[1]. In addition to ineffective assistance of counsel, appellant made several other allegations in his § 2255 motion. He alleged that evidence used against him had been obtained by entrapment. This issue is not available to one seeking § 2255 relief.

It is not the statute which gives rise to the question, for 28 U.S.C. § 753(f) clearly conditions the furnishing of a transcript to a § 2255 petitioner on a certificate by the trial or appellate court that a suit or appeal is not frivolous and that the transcript is needed to decide the issue. What has given rise to some questioning is the fact that § 753(f) contains no such explicit condition applicable to criminal appeals and habeas corpus proceedings.[2]

It seems clear, however, that the language regarding the furnishing of transcripts in § 2255 proceedings was added in 1965 to insure that § 753(f) extended to them,[3] and equally clear that even in direct appeals the awarding of a transcript is not automatic. Cf. Coppedge v. United States, 369 U.S. 438, 444–446, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).[4]

While we have no clue to the reason why a condition was made express in reference to § 2255 proceedings but not in criminal appeals and habeas corpus proceedings, we see no infirmity in the § 2255 provision but rather a legislative recognition of the practice in dealing with the other kinds of proceedings.

This accords with the traditional requirement that some specificity be required.[5] In this case there were no allegations illuminating in what way counsel had been ineffective. On the other hand, there were before the court an affidavit of trial counsel summarizing his efforts, a government memorandum attesting to the competence of that counsel, and a concurrence in that testimonial by appellant's counsel. At least in the absence of specific rebuttal or indication

Matysek v. United States, 339 F.2d 389 (9th Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965); Turner v. United States, 262 F.2d 643 (8th Cir. 1959); United States v. Lyons, 256 F.2d 749 (2d Cir.), cert. denied, 358 U.S. 911, 79 S.Ct. 240, 3 L.Ed. 2d 232 (1958). Appellant also alleged irregularities in his commitment and that he was the victim of a "frame-up". Even if such allegations could be considered on a § 2255 motion, they are so devoid in specificity and factual support that a trial judge would not err in finding that "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief * * *." 28 U.S.C. § 2255. The trial court in the present proceedings, however, granted appellant a hearing on all allegations.

2. The then Deputy Attorney General, Ramsey Clark, wrote the Chairman of the Committee on the Judiciary on May 27, 1965 and said, "The reason for this distinction is not apparent if the motion remedy under section 2255 is to be a remedy commensurate with a writ of habeas corpus. 1965 U.S.Code Cong. & Ad. News, 89th Cong., 1st Sess., pp. 2920–2921.

3. Prior to 1965 the wording "criminal or habeas corpus proceedings" had been construed by some courts to include § 2255 proceedings. United States v. Glass, 317 F.2d 200 (4th Cir. 1963). On August 3, 1964, however, the Comptroller General ruled that this section did not authorize payment for a transcript of a petitioner's original trial in a § 2255 proceeding. Indeed, as early as 1961, the Judicial Conference of the United States expressed concern over the absence of a specific provision in § 753(f) for § 2255 proceedings. The Conference approved a draft regarding § 2255 proceedings which was later adopted in the 1965 amendment. 1961 Judicial Conference of the United States, Proceedings 100.

4. As the court observed in United States v. Shoaf, 341 F.2d 832, 835 (4th Cir. 1964): "The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript."

5. Not only have courts consistently required that § 2255 petitioners demonstrate need for a transcript, Wilson v. Wade, 390 F.2d 632 (9th Cir. 1968); United States v. Shoaf, supra; Culbert v. United States, 325 F.2d 920 (8th Cir. 1964); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963), but they have required more than "general, obscure and uncertain assertions of incompetency of trial counsel", Culbert v. United States, supra, or "bald conclusions unsupported by allegations of fact", Martinez v. United States, 344 F.2d 325 (10th Cir. 1965).

of ineffective service the court was entitled to accept such statements as final.

The government's motion to dismiss is granted.