UNITED STATES

v.

Edward TURNER.

Crim. A. No. 21019.

United States District Court,
E. D. Pennsylvania.

June 29, 1971.

Louis C. Bechtle, U. S. Atty., for United States.

Edward Turner, pro se.

## MEMORANDUM AND ORDER

CLARY, District Judge.

Petitioner is now before this Court on a motion in forma pauperis, requesting an order requiring the Clerk of this Court to furnish him with:

(A) Transcripts of the above captioned action

(B) Warrant(s) of arrest, with complaint

(C) Notes of testimony of trial, arraignment, etc.

(D) All motions in opposition entered by the government

(E) All motions entered in defendant's behalf in the above captioned action.

At the present time there is no proceeding pending before the Court in this matter, and petitioner's opportunity to file a timely appeal has passed. Petitioner has also declined to specify any particular or general areas of alleged error.

In Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) and Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), the Supreme Court held that, when new counsel is appointed for an indigent on appeal, said new counsel is entitled to an entire transcript of the trial proceeding. Where the same counsel prosecutes the appeal or where the defendant does so *pro se* (see Ingram v. United States, 114 U.S.App.D.C. 283, 315 F.2d 29) there is a right to at least those portions of the transcript relevant to the errors assigned.

In the immediate situation there does not appear to be any proceeding pending before any court concerning Mr. Turner.

The prevailing rule for this factual situation was handed down in Prince v. United States, 312 F.2d 252 (10th C.A. 1962). The Court there held that:

" * * * There is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. § 753 or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies. In the case at bar there is no pending appeal and the period for timely appeal has expired; nor is there any judicial action or order to which the authority of 28 U.S. C.A. § 1915 could attach."

Harless v. United States, 329 F.2d 397 (5th C.A.1964), Culbert v. United States, 325 F.2d 920 (8th C.A.1964), and Dorsey v. United States, 333 F.2d 1015 (6th C.A.1964).

And now, to wit, this 29 day of June 1971, it is ordered, adjudged and decreed, that petitioner's motion, in forma pauperis, requesting that the Court supply him with transcripts, notes of testimony, etc., for the reasons set forth above be and it is hereby denied.