**Augusto Tarquino Arias FLORES,**
**Petitioner,**

v.

**UNITED STATES of America.**
**Defendant.**

**Civ. No. 415–71.**

**Crim. No. 30–70.**

United States District Court,
D. Puerto Rico.

Oct. 22, 1971.

Augusto Tarquino Arias Flores, pro se.

Julio Morales Sanchez, U. S. Atty., San Juan, P. R., for defendant.

Before CANCIO, Chief Judge, and TOLEDO, District Judge.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

Petitioner filed a Motion for Reconsideration of an Order of this Court, dated July 12, 1971, denying a "Petition for

redress and a Writ of Habeas Corpus Ad Testificandum", where the petitioner requested the Court to set aside a plea of guilty entered by him in the criminal proceedings to which he was a party and to vacate the sentence imposed in view of said guilty plea. Request to proceed in forma pauperis was granted and the motion is entertained as one filed under the provisions of Title 28, United States Code, Section 2255.

The petitioner was originally accused on a three count indictment, in Criminal No. 30–70, charging that he had purchased cocaine, not in or from the original stamped package, in violation of Title 26, United States Code, Section 4704(a), as amended, 7701(c) (Count One); that he knowingly, willfully and unlawfully did receive, conceal and facilitate the transportation and concealment of illegally imported cocaine in violation of Title 21, United States Code, Sections 171, 173 and 174, as amended (Count Two); and that he fraudulently and knowingly did import and bring into the United States cocaine contrary to law in violation of Title 21, United States Code, Section 174 (Count Three).

The petitioner entered on May 8, 1970, a plea of not guilty on each and every count of the indictment. On July 22, 1970, he withdrew his plea of not guilty on Count Three of the Indictment and entered a plea of guilty as to said count. Pursuant to his plea of guilty, the petitioner was sentenced, on August 7, 1970, to a period of seven years of imprisonment. Subsequent to the imposition of the sentence and upon a motion of the United States Attorney, Counts One and Two of the Indictment were dismissed.

It is petitioner's contention that the sentence imposed upon him was imposed in violation of his constitutional rights under the due process clause of the Fifth Amendment of the Constitution of the United States and is illegal for the following reasons:

a) that his plea of guilty was not understandingly and voluntarily made, in that the trial judge and his counsel of record did not advise him of the consequences of his plea, in particular the maximum sentence that he could have received. He further contends that, because of such a failure, the trial proceedings held against him failed to meet the standards for such proceedings required by the Supreme Court of the United States in the case of McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; and

b) that his plea of guilty was not understandingly made in that the Court and his counsel of record, did not advise him of the possible defenses to the charges and the significance of circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter, as required by the Supreme Court of the United States in the case of Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. He further alleges that the Court and his counsel of record failed to advise him that, in his case, if a jury were to find that he compulsively used or was addicted to the use of the cocaine drug he was charged with possessing, such jury would be obligated to hold him irresponsible for his so called criminal conduct; specially since his supposed criminal conduct was a victimless crime. This argument is predicated on the alleged facts that he was an addict which required the drug to satisfy his compulsive need for it; a compulsion that would not enable him to appreciate the wrongfulness of his acts and conform his conduct within the requirements of the law, and that said compulsion could have characterized his addiction for cocaine as a kind of insanity. He further alleges that if that possible defense would not have been suppressed by the Court, he very possibly would have chosen to exercise his constitutional right to a jury trial and that for such a reason, he did not understandingly and intelligently waive his constitutional right to a trial by jury, being it a constitutional error which cannot be considered a harmless error and which merits an automatic reversal of petitioner's guilty plea, as declared by the Unit-

ed States Supreme Court in Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

This Court in an Order of July 12, 1971, after a hearing on the original Petition for Redress, and having examined the Memorandum of Authority submitted by the petitioner, expressed that petitioner's first contention was without merit for a review of the transcript of the proceedings at the time the defendant pleaded guilty, July 22, 1970, and at the time sentence was imposed, August 7, 1970, revealed that all the requirements of Rule 11 of the Rules of Criminal Procedure were complied with by the Court. Therefore, the Court concluded that his plea of guilty was voluntarily and intelligently made and with full knowledge of its consequences. The Court further expressed on its Order that the transcript of the sentencing proceedings showed that the petitioner was advised, not only that he would be ineligible for probation or parole, but that the very least he could get for the offense committed would be a minimum of five years.

The Court has given a complete and elaborate consideration to Petitioner's motion for reconsideration and the case authorities cited by him, as well as those found by the Court in an ample research on the raised issues.

Petitioner's second contention, whereby he alleges that his plea of guilty was not understandingly made for the Court did not advise him of the possible defenses to the charges and the significance of circumstances in mitigation thereof, was not passed upon by the Court on its Order of July 12, 1971, for it is the opinion of the Court that said contention is frivolous.

■ It is not a prerequisite to a Court's acceptance of a plea of guilty that it make known to the accused every conceivable defense that may be available to him, for it is not the duty of the trial court judge to explain or enumerate for the accused the possible defenses he might adduce to the charges against him. United States v. McGee (7 Cir. 1957), 242

F.2d 520, 524, vacated without opinion, 355 U.S. 17, 78 S.Ct. 64, 2 L.Ed.2d 23. See also Michener v. United States (8 Cir. 1950), 181 F.2d 911, 916. It is not the duty or the responsibility of the trial judge to give legal advice to an accused or to any party in any federal proceeding. Holmes v. United States (8 Cir. 1942), 126 F.2d 431, 433; Michener v. United States, supra.

The Seventh Circuit Court, Judge Swain speaking for the Court, has said: " * * * The innumerable factual situations that might possibly afford an accused a defense to the crime charged reveals the absurdity of the assertion that to be valid * * * a plea of guilty may be accepted only after the trial judge had made known to the accused every conceivable defense that may be available or to determine from the accused that he has knowledge thereof. This would mean that a layman could not plead guilty unless he had the opinion of a lawyer on such questions of law as might arise if he did not admit his guilt. * * *" United States v. McGee, 242 F.2d 520, 524 (1957).

■ The Court is also of the opinion that petitioner's emphasis on the case of Von Moltke v. Gillies, 1948, supra, in support of his second contention is misplaced. Said case establishes a criteria for judges to discharge their duty properly when accepting a guilty plea in a situation where the accused has waived his constitutional right to counsel, in light of the strong presumption against the waiver of said constitutional right. Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461; Glasser v. United States, 1942, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680. In the case under our consideration, the petitioner had the services of an attorney, appointed by this Court because of his lack of means to pay such services. If an accused is represented by counsel, it most obviously is not the duty nor the privilege of the judge to suggest or explain possible defenses in behalf of the accused. Michener v. United States, supra.

■ Also, a claim that the drug found in the possession of an accused was for his own use does not make said person criminally irresponsible, thus constituting no defense to the charges. See United States v. Piccarelli (2 Cir. 1956), 230 F.2d 602.

Petitioner's first contention, that his plea of guilty was not understandingly and voluntarily made, with knowledge of the consequences of his plea, in view of the Court's failure to inform him the maximum sentence that could be imposed upon him, is dispositive of the petition.

The transcript of the proceedings, held on July 22, 1970, at which the petitioner pleaded guilty, in Page 4, in the pertinent part, reflects that what went on between the Court and the petitioner, in regard to the sentence that the Court could impose to him, was as follows:

> "THE COURT: Do you realize that in pleading guilty that in this crime there is no possibility of probation or parole, and that the minimum is five years in jail.
>
> THE DEFENDANT: Yes."

Rule 11 of the Federal Rules of Criminal Procedure, Title 18, United States Code, as amended on February 28, 1966 effective July 1, 1966, reads in part:

> "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The Court may refuse to accept a plea of guilty, and shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * "

Rule 11 expressly directs the Court to inquire whether a defendant who pleads guilty understands his rights and the nature of the charge against him and whether he is aware of the consequences of his plea.[1]

■ While under said Rule the Court need not comply with any particular ritual or set formula,[2] it is contemplated that there be something more than a perfunctory examination conducted by the prosecutor which does not serve to inform the judge of the extent of the accused's knowledge of the consequences of his plea.[3] Rule 11 requires a federal judge to leave no room for misapprehension by defendant as to penalties. Pilkington v. United States (4 Cir. 1963), 315 F.2d 204.

■ A federal court, before accepting a plea of guilty, should either advise a defendant or be certain that he has been advised of the consequences of a plea of guilty. One of the consequences of a plea of guilty of which a defendant should be advised by a trial court is the maximum sentence which may be imposed on such a plea.[4] In this connection the language of Judge Aldisert, speaking for the Third Circuit Court of Appeal in Berry v. Unit-

1. McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. See also, United States ex rel. Crosby v. Brierly (3 Cir. 1968), 404 F.2d 790; Bailey v. MacDougall (4 Cir. 1968), 392 F.2d 155, cert. den. 393 U.S. 847, 89 S.Ct. 133, 21 L.Ed.2d 118; Johnson v. United States (4 Cir. 1957), 374 F.2d 966.

2. McCarthy v. United States, 1969, supra; Dorrough v. United States (5 Cir. 1967), 385 F.2d 887, reh. den. 397 F.2d 811, cert. den., 394 U.S. 1019, 89 S.Ct. 1637, 23 L.Ed.2d 44; Stephens v. United States (10 Cir. 1967), 376 F.2d 23, cert. den. 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed. 2d 176; United States v. Rizzo (7 Cir. 1966), 362 F.2d 97; Bone v. United States (8 Cir. 1965), 351 F.2d 11; Munich v. United States (9 Cir. 1964), 337 F.2d 356.

3. Lane v. United States (5 Cir. 1967), 373 F.2d 570; Munich v. United States, supra; United States v. Lester (2 Cir. 1957), 247 F.2d 496.

4. Marshall v. United States (7 Cir. 1970), 431 F.2d 355; Berry v. United States (3 Cir. 1969), 412 F.2d 189; Combs v. United States (9 Cir. 1968), 391 F.2d 1017; Harper v. United States (10 Cir. 1966), 368 F.2d 53; Munich v. United States (9 Cir. 1964), 337 F.2d 356; Pilkington v. United States (4 Cir. 1963), 315 F.2d 204.

ed States, 412 F.2d 189 (1969) at page 192, deserves to be mentioned:

"The mandate of Rule 11, before and after the 1966 amendment, is designed to insure that the pleader is made aware of the outer limits of punishment. At the very least, this means that he must be apprised of the period of required incarceration. Except for capital punishment, no other consequence can be as significant to the accused as the period of possible confinement. When one enters a plea of guilty he should be told what is the worst to expect. At the plea he is entitled to no less—at sentence he should expect no more."

▪ The presence of counsel at the moment of entering the plea of guilty does not relieve a federal court of its responsibility to make an inquiry of defendant before accepting the guilty plea, in order to insure that such a plea is voluntarily made with an understanding of the nature of the charges and the consequences of the plea. Durant v. United States (1 Cir. 1969), 410 F.2d 689.

▪ For the above stated reasons, this Court concludes that its failure to advise the petitioner before accepting his plea of guilty as to the maximum sentence that could be imposed on him, is a failure to advise him on the consequences of his plea as required by Rule 11 of the Federal Rules of Criminal Procedure.

Wherefore, it is ordered, adjudged and decreed, that this Court's Order of July 12, 1971, be set aside; and

It is further ordered, adjudged and decreed, that petitioner's guilty plea and sentence be set aside and petitioner be allowed to plead anew.[5]

It is so ordered this 22nd day of October 1971.

5. The Supreme Court of the United States held, in McCarthy v. United States, 1969, supra, that noncompliance with Rule 11, in accepting a guilty plea vitiates the plea and necessitates the opportunity to plead anew, thus adopting the "automatic prejudice" rule of Heiden v. United States (9 Cir. 1965), 353 F.2d 53.