**UNITED STATES of America,
Plaintiff,**

v.

**Anibal Otero RIVERA, Defendant.**

**Civ. No. 928–72, Crim. Nos. 199–68, 9–59.**

United States District Court,
D. Puerto Rico.

June 14, 1973.

Julio Morales Sanchez, U. S. Atty., Old San Juan, P. R., for plaintiff.

Gilberto L. Irizarry-González, San Juan, P.R., for defendant.

ORDER

TOLEDO, District Judge.

On February 24, 1959, the petitioner herein was convicted of having violated Title 26, United States Code, Sections 4705(a), 7237(b) as amended and 7701(c), and was sentenced as a first offender of the federal narcotics laws to serve a minimum term of imprisonment of five (5) years.

On January 17, 1969, the petitioner was convicted of having violated the fed-

eral narcotics laws, and as a second offender he was sentenced to the minimum prison term of ten (10) years.

The present action is brought under Title 28, United States Code, Section 2255, to vacate the first conviction on grounds that the guilty plea made in 1959 was coerced and obtained in violation of Rule 11 of the Federal Rules of Criminal Procedure. Should petitioner's argument prove meritorious, this Court would be in a position to resentence the petitioner to a minimum prison term, as a first instead of second offender, of five (5) years.

The petitioner requests that we grant a hearing under Section 2255 to determine the question of fact and law herein presented.

■ With regard to the claim of coercion, we have before us nothing but a bald assertion with no specific allegations of fact to substantiate such a charge. We are not inclined to grant a hearing in such circumstances. Benthiem v. United States (1 Cir. 1968), 403 F.2d 1009; United States v. McNicholas (4 Cir. 1962), 298 F.2d 914. Especially when the record contradicts such an assertion.[1] Compare Putnam v. United States (10 Cir. 1964), 337 F.2d 313.

■ Petitioner pointed out, in his initial memorandum of law, that inasmuch as the Court in 1959 did not address him personally regarding to voluntariness and intelligibility of his guilty plea, compliance with Rule 11 of the Federal Rules of Criminal Procedure was not observed. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968).

But McCarthy does not apply retroactively to pleas accepted before April 2, 1969, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1968). Before *McCarthy*, Courts made sure of the voluntariness and intelligibility of guilty pleas either through direct conversation with the defendant or through conversations with his attorney at the time the guilty plea was entered. Jenkins v. United States (10 Cir. 1970), 420 F.2d 433.

The petitioner claims the Government relies too heavily on *Jenkins*. He insists his guilty plea was given without a full understanding of what he was doing, and that the Court did not fulfill its duty under Rule 11 of the Federal Rules of Criminal Procedure, even as that duty existed before *McCarthy*, of making sure that he so understood.

The case law dealing with a Court's acceptance of guilty pleas before McCarthy reveals the petitioner's argument to be without merit.

Unlike the situation in *Jenkins*, where it was found that neither the Court nor defendant's attorney had advised the defendant as to the consequences of his plea of guilty (a fact to which defendant's attorney was willing to swear by affidavit), we see from the record in the case at bar that petitioner's counsel told the Court, in response to its question, that he had explained to his client both the meaning of the indictment and the consequences of entering a plea of guilty. Before *McCarthy* the defend-

[1]. Mr. Rivera: We have been appointed by the Court, Your Honor, to represent the defendant, and we have been talking to the defendant for the last hour. He has decided to change his plea of not guilty to guilty, as I have explained to him the meaning of the indictment.

The Defendant: Yes, Your Honor.

The Court: Have you explained to him the consequences of his plea of guilty, the penalty that the Court is bound to impose upon him, etc.,?

The Defendant: That is correct, Your Honor.

The Court: Have any promises been made to you?

The Defendant: No, Your Honor.

The Court: Have any threats been made to you?

The Defendant: No threats, and this is a voluntary plea.

The Court: All right. The motion for change of plea is granted, and the new plea of guilty as charged in the indictment is accepted.

844

ant's attorney was permitted to carry out the dictates of Rule 11, and the Court needed only to inquire whether the defendant had been explained the meaning and effect of a guilty plea. Turner v. United States (8 Cir. 1964), 325 F.2d 988. But a guilty plea made before McCarthy without the Court's making a prior inquiry of anyone as to the voluntariness and intelligibility of the plea was vulnerable to vacation, and our Circuit so held. Halliday v. United States (1 Cir. 1967), 380 F.2d 270. So much for the charge that this petitioner did not understand the nature of what he was doing when he pleaded guilty in 1959.

Neither are we confronted here with the type of situation described in United States v. Lester (2 Cir. 1957), 247 F.2d 496, where on a charge by petitioner that his guilty plea had been improperly induced, it was found that the trial court had not asked the defendant whether any threats or promises had been made to him in order that he enter a plea of guilty. We see from the record of this case that the Trial Judge asked this petitioner specifically whether any threats or promises had been made to him in order to induce him to enter a plea of guilty. He answered directly that no such thing had been done. The petitioner would have us disregard whatever assertion he made along these lines on grounds that he did not understand what he was doing (". . . the word voluntary is meaningless when uttered as a conclusion by a man who is not aware of its legal meaning", Petitioner's supplementary brief, p. 5), but in the absence of specific allegations to this effect we do not think our conclusion as to the voluntariness of his plea begs the question.

■ The conversation between the Court and the defendant required with regard to pre-McCarthy pleas of guilty was complied with in the case at bar.

See Murray v. United States (10 Cir. 1969), 419 F.2d 1076.

We are not dealing with a situation wherein noncompliance with Rule 11 even before McCarthy is clearly manifest. See Munich v. United States (9 Cir. 1964) 337 F.2d 356 (where counsel was not asked whether he had advised his client as to the nature of the charges against him); United States v. Davis (7 Cir. 1954), 212 F.2d 264 (where no inquiry of any kind was made by the trial court to ascertain whether the defendant was correctly advised of the nature of his indictment).

■ The petitioner alleges Rule 11 of the Federal Rules of Criminal Procedure was not complied with because he was not made aware that he would not be eligible for parole if convicted on a plea of guilty to having violated the federal narcotics laws. Our Circuit requires such information be provided under Rule 11, but only with regard to pleas entered after the 1966 amendment, which specifically provided that the defendant had to be made aware of the consequences of his plea. Durant v. United States (1 Cir. 1969), 410 F.2d 689.

The same can be said regarding the requirement under Rule 11 that the defendant be made aware of the maximum penalty that can be imposed on him under the statute which he pleads guilty of having violated. Said requirement applies to post-McCarthy guilty pleas. Flores v. United States (D.C.P.R.1971), 337 F.Supp. 45.

In view of the foregoing, we find that petitioner's plea of guilty was obtained in compliance with Rule 11 of the Federal Rules of Criminal Procedure as said Rule was interpreted in 1959, and that the plea was voluntarily and intelligently given. No hearing need be held to resolve the issue. Under the circumstances, petitioner's motion to vacate sentence filed on February 2, 1973, is hereby denied.

It is so ordered.