KALMAN KAPLAN, APPELLEE v. CITY OF OMAHA, APPEL-
LANT.

FILED DECEMBER 19, 1916. No. 19763.

1. **Appeal: FINAL ORDER.** In an action to recover damages for personal injuries, the overruling of a motion by defendant to bring in as an additional defendant another wrongdoer, alleged to be liable to the former as an indemnitor, is not a final order in the sense that it is appealable. Rev. St. 1913, sec. 8176.

2. **Trial: NEW PARTIES.** The statute providing that, "when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in," applies to cases where "there are persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined." Rev. St. 1913, sec. 7604.

3. **Action for Tort: NEW PARTIES.** In an action to recover damages for personal injuries, a wrongdoer who may be liable to defendant as an indemnitor need not be made an additional defendant under the statute providing that, "when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." Rev. St. 1913, sec. 7604.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Appeal dismissed.*

*John A. Rine,* for appellant.

*Smyth & Schall, E. P. Smith, J. E. Von Dorn* and *Sutton, McKenzie, Cox & Harris,* contra.

ROSE, J.

This is a motion by plaintiff to dismiss an appeal by defendant from an order overruling the latter's motion to bring in additional parties defendant.

Plaintiff commenced the action against the city of Omaha to recover damages for personal injuries caused by a failure to properly fill and guard an excavation for a sewer. Instead of answering, the city filed a motion to bring in its contractor and his surety as additional parties defendant, on the ground that the contractor had

agreed to indemnify the city against such a claim. The contractor resisted the motion and it was sustained, but later the order was vacated and the motion overruled. Defendant has appealed.

Is the order appealable? The statute provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment is a 'final order' which may be vacated, modified or reversed, as provided in this chapter and chapter 19." Rev. St. 1913, sec. 8176.

Is the order overruling the motion to bring in additional parties defendant an order which "in effect determines the action and prevents a judgment?" Ordinarily such a ruling does not determine the action and prevent a judgment, and therefore is not appealable. *Smith v. Scott,* 93 Wis. 453; 3 C. J. p. 477. A judgment determining the liability of the city to plaintiff may be rendered in this action, unless the contractor is an indispensable party thereto. Unless the controversy between the city and its contractor must first be determined, the order from which the appeal is taken does not in effect terminate the action and prevent a judgment either for or against the city. The city contends that it was the imperative duty of the trial court to make an order bringing in the contractor and his surety as additional defendants under the following statutory provision:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." Rev. St. 1913, sec. 7604.

This section is practically a copy of a provision of the New York Code and has been construed by the courts of that state. It is declaratory of a well-established equity rule. The words, "when a determination of the contro-

versy cannot be had without the presence of other parties," apply to cases where "there are persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined." *M'Mahon v. Allen,* 12 How. Pr. (N. Y) 39; *Chapman v. Forbes,* 123 N. Y. 532; *Bauer v. Dewey,* 166 N. Y. 402; *Merchants Trust Co. v. Bentel,* 10 Cal. App. 75; *Kresge v. Maryland Casualty Co.,* 154 Wis. 627.

The present action is brought to recover damages for a tort. If the negligence of the contractor in performing the work was the cause of the injury, both the city and the contractor are liable; but such a liability is both joint and several. While plaintiff might have sued the city and the contractor in the same action, it was not necessary for him to do so. He may not be concerned in the question of the city's right to indemnity from the contractor. *City of Peoria v. Simpson,* 110 Ill. 294. That question may be settled after the action by plaintiff is determined. His right to a judgment against the city does not depend upon a determination of the contractor's liability as an indemnitor. He should be allowed to proceed against the city without the presence of other parties, since he has elected to do so.

Defendant relies upon *Phœnix Mutual Life Ins. Co. v. City of Lincoln,* 87 Neb. 626. In that case there was a stipulation as to the amount of damages sustained by plaintiff, and the action was treated by the reviewing court as a friendly suit to determine who should pay them after hearing all parties interested. It should be considered in that light. No change in the rules of law governing actions against wrongdoers was intended.

The order from which defendant attempted to appeal was not appealable. The appeal is therefore

DISMISSED.