### KERNA et al. v. TRUCKING, Inc.

Civil Action No. 2665.

District Court, W. D. Pennsylvania.

Sept. 3, 1943.

Evans, Evans & Spinelli, of Pittsburgh, Pa. (by John E. Evans, Jr., of Pittsburgh, Pa.), for plaintiffs.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a suit by Peter Kerna and A. & B. Fast Freight, Inc., against the defendant, Trucking, Inc., to recover damages which the plaintiffs allege to have received by reason of negligence on the part of the defendant, by means of which a truck and trailer owned by Peter Kerna, and its contents in possession of A. & B. Fast Freight, Inc., as bailee, were forced off a highway and destroyed by a fire that occurred by reason of this incident. The facts as disclosed by the complaint are briefly these:

Peter Kerna, the owner and operator of a tractor and trailer, entered into a contract with the A. & B. Fast Freight, Inc., for the transportation of certain liquors owned by the Calvert Distilling Company from Baltimore, Maryland to Cleveland, Ohio. At a point in this transportation, on a two-lane, concrete, public highway (Pa. Route 252), in Beaver County, Pa., this

truck and trailer was forced off the highway by a vehicle owned by the defendant. It appeared that as the plaintiff's truck and trailer were proceeding along said highway, it was suddenly confronted by two vehicles operating side by side, occupying the full width of the highway, and that the defendant's negligence consisted in the driving of its truck and trailer to the left side of the center of the highway, overtaking another vehicle proceeding in the same direction, with the result that the truck and trailer being operated in behalf of the plaintiffs was forced off the highway and destroyed by fire, along with its contents. The plaintiff Kerna is seeking to recover damages for the loss of the truck and trailer and the A. & B. Fast Freight, Inc., is seeking to recover damages for loss of the cargo of whiskey destroyed.

The petition of the defendant for severance is based on the allegation that the injuries which the plaintiffs suffered in this case were caused solely by the negligence of one Lee Finley, the driver employed by Peter Kerna in the operation of the tractor and trailer at the time of the accident, and it desires this severance solely for the purpose of bringing upon the record the said Lee Finley in the two causes of action thus stated. In the cause of action stated in behalf of Peter Kerna it desires to bring upon the record as an additional defendant, A. & B. Fast Freight, Inc., so that in event the jury finds Lee Finley was guilty of negligence, it can bring a verdict against the A. & B. Fast Freight, Inc., and Lee Finley; and that in the cause of action stated by A. & B. Fast Freight, Inc., the defendant desires to bring upon the record as an additional defendant, the plaintiff Peter Kerna by reason of the alleged negligence of his employee, Lee Finley, so that in event the jury finds Lee Finley alone, or jointly, was guilty in the operation of the truck, the jury may return a verdict either jointly or alone against Peter Kerna or his servant, Lee Finley.

This action was brought by the plaintiffs in this case under the provisions of Federal Rule 20(a), 28 U.S.C.A. following section 723c, which provides as follows: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of ʰʳ arising out of the same transaction, occ-ʳence, or series of transactions or oc-currences and if any question of law or fact common to all of them will arise in the action." The defendant concedes that under this rule there was a proper joinder of parties plaintiff but urges that it is necessary to have a severance in order that it may bring upon the record the additional defendants they desire.

Federal Rule 14(a) covers the practice in regard to third parties. This rule provides: "(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plainti f's claim against him."

It is our view that the defendant may, if it so desires, bring upon the record the driver of the plaintiff's tractor and trailer as a third-party defendant but we cannot see that it has any right to bring on the record, under the provisions of this rule, either Peter Kerna or the A. & B. Fast Freight, Inc., because they are already parties to this action, and Rule 14(a) only provides for bringing on the record parties who are not already parties to the action.

As to joining additional defendants, the Pennsylvania Supreme Court, in Shapiro v. Philadelphia et al., 306 Pa. 216, 217, 159 A. 29, stated: "The manifest purpose of the act is to enable defendants, who have been sued, to bring upon the record as 'additional defendants' those not already there, who are alleged to be liable to those who are; the procedure in establishing this liability is not specified in the statute, but is wisely left to be worked out by the judiciary. In doing this, however, we cannot so extend the language of the act as to make one an 'additional defendant', who is not and cannot be 'additional' to the defendants already there. As the only complaint made against the court below is that it refused to permit this impossible thing, we must, of course, affirm its order."

We are of the opinion that no severance in this action is necessary to permit the defendant to tender Lee Finley as an additional defendant and that the severance is not necessary to bring on the record parties who are already parties to this action.

Rule 42 of Federal Rules of Civil Procedure provides for separate trials: "(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

We are of the opinion that there is no necessity appearing from the record in the instant case for a separate trial in this case. We, therefore, will deny the defendant's petition for severance.