## ATLANTIC NAT. BANK OF JACKSONVILLE v. FIRST NAT. BANK OF KINGSTON (CHAPIN et al., Third-Party Defendants).

### Civil Action No. 3030.

District Court, M. D. Pennsylvania.

Nov. 14, 1947.

Edward W. Warren, of O'Malley, Harris, Harris & Warren, all of Scranton, Pa., for plaintiff.

William Brewster, of Wilkes Barre, and M. J. Martin, of Scranton, Pa., for defendant and third-party plaintiff.

Thomas E. Roberts, of Wilkes Barre, Pa., John S. Rhoda, of Reading, Pa., and Frank P. Slattery, of Wilkes Barre, Pa., for third-party defendants.

WATSON, District Judge.

This case is before the Court on the motion of the plaintiff, The Atlantic National Bank of Jacksonville, to strike from the record the third-party complaint against The Atlantic National Bank of Jacksonville as a third-party defendant, and also to strike all "references" therein to the Bank.

Plaintiff, The Atlantic National Bank of Jacksonville, originally filed a complaint

574

against the First National Bank of Kingston seeking payment of the amount of a draft honored by the plaintiff with the alleged consent of the defendant Bank. The defendant, First National Bank of Kingston, then filed a third-party complaint against Edward G. Chapin, trading and doing business as Chapin Lumber and Supply Company, denying therein any liability to the plaintiff and alleging liability on the part of Chapin. Chapin in turn filed a complaint against Walter J. Bryson & Company, Charles D. Radford, and the original plaintiff, The Atlantic National Bank of Jacksonville; whereupon, the motion mentioned above was filed.

■ The third-party complaint of Edward G. Chapin seeks damages, costs and restitution from third-party defendants, Bryson and Radford, but not from third-party defendant, The Atlantic National Bank of Jacksonville. That portion of the complaint of Chapin which does refer to The Atlantic National Bank of Jacksonville requests the Court to order The Atlantic National Bank of Jacksonville "to disclose" and "to explain" certain matters, but does not seek or request judgment. Furthermore, Chapin's complaint fails to comply with Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that it does not state a claim showing that the pleader is entitled to relief as against The Atlantic National Bank of Jacksonville, and might, therefore, be dismissed upon such ground.

■ The Atlantic National Bank of Jacksonville seeks to have the complaint of Chapin stricken from the record in so far as it concerns The Atlantic National Bank of Jacksonville, for the reason that Rules 13(h) and 14(a) of the Federal Rules of Civil Procedure permit only the joinder of additional parties not already a party to the action. This Court agrees with that contention and feels that Chapin could properly have proceeded against The Atlantic National Bank of Jacksonville by use of a counter claim. The complaint of Edward G. Chapin, trading and doing business as Chapin Lumber and Supply Company, will be dismissed as to the third-party defendant, The Atlantic National Bank of Jacksonville.

The Atlantic National Bank of Jacksonville in its motion also seeks the deletion of all references to it in the complaint of Chapin. Since the Court has already determined that the complaint will be dismissed this question is academic. However, the disclosures and explanations sought by Chapin were both in the wrong place and also in the wrong procedure. The information requested by Chapin in its complaint may be secured by other means at his disposal; that is, by following the provisions of the Federal Rules of Civil Procedure providing for Depositions and Discovery.

The motion of The Atlantic National Bank of Jacksonville is granted; and it is ordered that the third-party complaint of Edward G. Chapin, trading and doing business as Chapin Lumber and Supply Company, insofar as it concerns The Atlantic National Bank of Jacksonville, be, and is hereby, stricken from the record.