MARTIN LUND, APPELLANT, v. HARVEY HOLBROOK, SR., ET AL., APPELLEES.

62 N. W. 2d 112

Filed January 8, 1954. No. 33441.

*Pilcher & Haney, Keith Howard,* and *Elmer C. Rakow,* for appellant.

*Deutsch & Jewell,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action for damages arising out of a collision between a truck owned by the plaintiff and a car owned by the defendant Harvey Holbrook, Sr., driven by Harvey Holbrook, Jr. Trial was had, resulting in a verdict in favor of the plaintiff. The defendants appealed. This court reversed the judgment of the trial court and re-

manded the cause for a new trial. Our opinion will be found in 153 Neb. 706, 46 N. W. 2d 130. The trial judge, as provided for in the mandate, ordered that the judgment previously entered in the district court for Antelope County in this cause be vacated and set aside and a new trial in this action be had.

Thereafter defendants filed an application in the district court to require the plaintiff to make the Pennsylvania Fire Insurance Company a party defendant to this cause, and that it be ordered to produce its files and records pertaining to the accident; that the attorneys of record for the plaintiff be ordered and directed to produce records concerning the admissions and declarations and proof of loss in respect to damage sustained by him in the collision; and that upon the failure of the plaintiff and his attorneys of record and the Pennsylvania Fire Insurance Company to produce the evidence requested, as aforesaid, that the cause be dismissed except with reference to the cross-petition, and such relief as the premises merit.

Upon the hearing of the above application and the request for admissions and written interrogatories made and propounded by the defendants to the plaintiff and the response thereto, the trial court made certain findings with reference to a settlement made by the Pennsylvania Fire Insurance Company with which the plaintiff carried a policy of insurance. The trial court ordered the plaintiff to file an amended petition within 30 days from the date the order was entered making the Pennsylvania Fire Insurance Company a party defendant in this cause; that process be issued as provided for by law; and that when the Pennsylvania Fire Insurance Company had been made an additional party defendant to the above cause, it be required to produce its records and files pertaining to the settlement of the collision with the plaintiff, and more particularly its proof of loss and other statements and matters pertaining thereto that might be necessary with respect to the value of the

plaintiff's property and the damage sustained by him.

The plaintiff filed a motion to vacate the above order and the plaintiff be not required to make the Pennsylvania Fire Insurance Company a party to this action, or, in the alternative, that the trial court grant the plaintiff a new trial. Each of the above motions were overruled.

At the outset of this appeal we are met with a motion on the part of the defendants to dismiss this appeal, primarily for the reason that an order of the district court directing an additional party to be brought into this cause is not an appealable order.

The answer to this assignment of error depends upon whether or not the order requiring the plaintiff to make the Pennsylvania Fire Insurance Company a party defendant in this cause is an appealable order within the meaning of section 25-1902, R. R. S. 1943, which provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

In the absence of a statute which, by its terms or as construed by the courts, permits an appeal from an interlocutory order of the kind herein discussed, it is generally held that an order requiring, or permitting, or refusing to permit, the joinder of additional parties is not appealable, since it is interlocutory and not final in nature. See, Annotation, 16 A. L. R. 2d 1028; Kaplan v. City of Omaha, 100 Neb. 567, 160 N. W. 960; Hall v. Vanier, 7 Neb. 397. See, also, Levstek v. National Surety Corp., 203 Minn. 324, 281 N. W. 260; Cook v. City of Menasha, 95 Wis. 215, 70 N. W. 289; Fisher v. Milwaukee Electric Ry. & Light Co., 173 Wis. 57, 180 N. W. 269.

In Chapman v. Dorsey, 230 Minn. 279, 41 N. W. 2d 438, 16 A. L. R. 2d 1015, it is said: "The rule of non-

appealability applies to orders which deny or grant motions for the vacation of an order either denying or granting the joinder of additional parties to an action."

We believe it is obvious that the overruling of the plaintiff's motions in question did not determine the action, nor did such ruling prevent a judgment or affect a substantial right.

The law, as we understand it, is that an order is final for the purpose of an appeal when it determines the rights of the parties; and no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect. See, Clarke v. Nebraska Nat. Bank, 49 Neb. 800, 69 N. W. 104; Anson v. Kruse, 147 Neb. 989, 25 N. W. 2d 896.

An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory. See, Krepcik v. Interstate Transit Lines, 153 Neb. 98, 43 N. W. 2d 609; Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497.

An order for the production of books and papers is regarded as a mere interlocutory order, and for that reason not a subject of separate appeal. See 28 L. R. A. N. S. 516, note thereunder and cases cited.

For the reasons given herein, the motion of the defendants to dismiss this appeal is sustained, and the appeal is hereby dismissed.

APPEAL DISMISSED.