Bernard F. HORTON, Plaintiff,

v.

CONTINENTAL CAN COMPANY, Inc., a corporation, and LeRoy L. Wade & Son, Inc., a corporation, Defendants.

Civ. No. 071.

United States District Court
D. Nebraska.
Aug. 31, 1956.

John F. Brennan and George B. Boland, Omaha, Neb., for plaintiff.

Raymond M. Crossman, John L. Barton, and Thomas C. Quinlan, of Brown, Crossman, West, Barton & Quinlan, Omaha, Neb., for defendant Continental Can Co., Inc.

Herbert E. Story, of Swarr, May, Royce, Smith & Story, Omaha, Neb., for defendant LeRoy L. Wade & Son, Inc.

DELEHANT, Chief Judge.

Defendant Continental Can Company, Inc., hereinafter designated as "Continental", has served and filed a motion under Fed.Rules Civ.Proc. Rule 14, 28 U.S.C.A., for leave to bring in Elbert T. Culver and LeRoy L. Wade and Son, Inc., hereinafter designated as "Wade and Son", as third-party defendants in the action. Let it be noted that, for purposes shortly hereinafter stated, Wade and Son is already, and from the inception of the suit has been a party to it. The motion is vigorously resisted both by plaintiff and by Wade and Son. Upon it the court has had the benefit of, and has considered, oral argument and careful briefs of counsel.

The motion arises in this factual and procedural setting, in the disclosure of which the court will undertake to be very brief rather than exhaustively to analyze the case. Plaintiff, a citizen of Nebraska, was an employee of Wade and Son, a Nebraska corporation and a construction contractor, which, under a contract with Continental, a New York corporation doing business in Nebraska, was engaged in the execution of certain work in and about the erection of a manufacturing plant for Continental in Omaha, Nebraska. Plaintiff was performing labor in the course of that work. He was injured in consequence of a fall from a metallic scaffold owned by Continental but, with its knowledge and consent, being used by Wade and Son and its employees in the execution of its contract work for Continental. Thereafter, Wade and Son, as it was obliged by Nebraska Workmen's Compensation Law to do, paid to or for plaintiff substantial sums of money in the way of Workmen's Compensation benefits, medical, surgical and hospital benefits, and court costs on account of such injury.

Still later, plaintiff instituted this action the objective of which is to obtain against Continental a judgment for damages on account of his injury upon the ground that it was proximately caused by alleged negligence of Continental in failing to construct, erect and maintain the scaffold in a safe manner for its intended and actual use. To the suit, plaintiff made Wade and Son a party defendant, not for the purpose of seeking further personal judgment against it, but rather, under the Nebraska Workmen's Compensation Law, to procure a determination and protection of its right to subrogation in any judgment obtained against Continental, to the extent of its payment of Workmen's Compensation Law benefits.

While in its answer herein Continental denies its guilt of any negligence or liability on its part, it asserts by its proposed third-party complaint, and by and in the submission of its motion under Rule 14, that if it should be held liable at all to plaintiff, such liability would arise only by reason of negligence, active in character, by Elbert T. Culver, an employee, and iron workers crew foreman, of Wade and Son, and therefore of Wade and Son as Culver's employer and master, in the actual use and operation of the scaffold at the time of, and proximately resulting in, plaintiff's injury. And in its proposed third-party complaint, Continental prays for judgment as against Culver and Wade and Son "for all sums that may be adjudged against this defendant, Continental Can Company, Inc., in favor of complainant Horton and for its costs". It thus proposes

to tender the claim that if it be held liable to plaintiff in any sum, such liability must arise out of negligence by Culver and Wade and Son, and they should accordingly, be required, as the parties actually negligent, wholly to indemnify Continental in the premises.

■ The motion to bring in Elbert T. Culver as a third-party defendant, though resisted by plaintiff and Wade and Son, has not been the subject of any substantial argument or briefing. The objecting parties elected on the submission of the motion to concentrate their respective arguments upon the validity of the motion insofar as it is aimed at Wade and Son. The court considers that facts are alleged under which, if they be true, Culver, not yet a party to the suit, is or may be liable to Continental for all or part of any judgment for plaintiff that may be entered against Continental. It follows that the motion to bring in Culver as a third-party defendant and to serve upon him and file a third-party summons and complaint is well taken. It is, therefore, being granted and sustained. But the third-party complaint already tendered by Continental may not be utilized for that purpose, since it is directed at both Culver and Wade and Son. Continental may, therefore, prepare and tender a new third-party complaint as against Culver alone.

■ In the context of the case the motion to bring in Wade and Son as a third-party defendant presents a different question. Wade and Son is a party to the action and has been from its institution. Upon the record it is a defendant. Continental argues with some force that it should be aligned as a plaintiff along with Horton. But that point need not be determined. Whether it is substantially a defendant or a plaintiff, Wade and Son is a party to the case. It has voluntarily appeared, and has served and filed its answer praying for judgment in its behalf in the sum of its compensation payments on account of plaintiff "out of any judgment rendered against the defendant, Continental Can Company, Inc., in favor of the plaintiff", and has served and filed a designation of the place of trial.

■■ In such a situation the pertinent language of Rule 14 needs to be recalled. In its subsection (a) it is provided that:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third party plaintiff to serve a summons and complaint upon *a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.*" (Emphasis added.)

For the invocation of the rule it appears, therefore, to be required that the proposed additional defendant be not only one who is or may be liable to the moving defendant for all or part of plaintiff's claim against him, but, what is of present significance, also "a person not a party to the action". And it is obvious that Wade and Son is not such a person. Being already a party to the action, it appears to be quite unnecessary that it be now made a party under a new title or style.

By Rule 13(g) it is provided that:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Continental would seem already to possess resources in pleading appropriate for the assertion of its claim against Wade and Son. And resort to Rule 14, seemingly not available, ought also to be

quite unnecessary. The view just expressed has the support of authority, Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 143 F.2d 105; Smith v. Brown, D.C.Pa., 17 F.R.D. 39; Chevassus v. Harley, D.C.Pa., 8 F.R.D. 410; Atlantic National Bank of Jacksonville v. First National Bank, D.C.Pa., 7 F.R.D. 573; Kerna v. Trucking, Inc., D.C.Pa., 3 F.R.D. 195.

An order is, therefore, being made denying and overruling the motion insofar as it seeks to make Wade and Son a third-party defendant, but without prejudice to the right of Continental to assert its claim against Wade and Son by any other appropriate procedure, in respect of which the order does not make, or this memorandum suggest, any limitation.

In the light of the legal area principally discussed by counsel on the motion's submission, the court may appropriately observe that the ruling last announced does not rest at all upon the supposition that Continental is barred from claiming relief over against Wade and Son in consequence of the limitation of the latter's liability to the present plaintiff to the benefits for him provided by the Workmen's Compensation Law of Nebraska. If that point alone were involved, Continental's position would be sustained upon the authority of American District Telegraph Co. v. Kittleson, 8 Cir., 179 F. 2d 946. Upon the general subject, see also Rich v. United States, 2 Cir., 177 F. 2d 688; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218; and Lukasiewicz v. Moore-McCormack Lines, D.C.N.Y., 104 F.Supp. 572. Kaplan v. City of Omaha, 100 Neb. 567, 160 N.W. 960, cited in opposition to the motion is simply not in point. Nor is this court's ruling in Andromidas v. Theisen Bros., D.C. Neb., 94 F.Supp. 150. Both the Kaplan and the Andromidas cases arose out of situations involving the right of a plaintiff to select the defendant or defendants whom he will sue when two or more persons may be both jointly and severally liable to him. And in the Andromidas

case was also involved the fact that the motion to include a third-party defendant was aimed at one who had no possible liability to the moving party under applicable state law. But, in view of the self-contained limitation of the scope of Rule 14, the court does not reach the point at which the teaching of American District Telegraph Co. v. Kittelson, supra, becomes applicable.