STATE OF NEBRASKA, APPELLEE, V, DONALD M. WILLIAMS, APPELLANT.

155 N. W. 2d 377

Filed December 29, 1967. No. 36675.

Donald M. Williams pro se.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a proceeding under the Post Conviction Act.

Defendant was charged with having committed first degree murder on December 26, 1959. Information was filed January 15, 1960, a plea of guilty entered January 8, 1962, to second degree murder, and a sentence of life imprisonment pronounced on January 22, 1962. Dorothy Elliott, with whose death defendant was charged, and one Edward Ellis were killed on the date charged in the information. One Jerry Erving was convicted as a principal and one Milton Howard as an accessory to these killings. Defendant was a witness for the State in the trial of Erving and Howard.

It is the present contention of defendant that his plea of guilty was involuntary, and was made pursuant to a confession obtained by the county attorney by threatening defendant with a trial on first degree murder

charges and a sentence of death, and by promises that he would receive a sentence of something less than life imprisonment if he cooperated. An evidentiary hearing was held in this case at which defendant was represented by counsel. The trial court found that there was no basis for the contention so made and overruled defendant's motion for relief. We affirm the judgment.

Defendant testified, both by deposition and in person, and the evidence given by him at the post conviction hearing tends to support his allegations of an infringement of a constitutional right by reason of a coerced plea. The county attorney who had prosecuted defendant was called as a witness and unequivocally denied defendant's contentions. In addition, the record of the testimony given by this defendant as a witness for the State at the trial of Erving and Howard was received in evidence and conclusively demonstrates the weakness of defendant's testimony at the post conviction hearing. No purpose can be served by attempting to detail the very lengthy testimony found in this record. Suffice it to say that from the defendant's standpoint, the best light in which the present record can be viewed is that the evidence is conflicting. The trial court on the facts found generally against the defendant and to the effect that he had not sustained the burden of proof. "In a post conviction proceeding, petitioner has the burden of establishing a basis for relief." State v. Sagaser, 181 Neb. 329, 148 N. W. 2d 206. We agree that defendant's present attempt to retract his previous very detailed and lengthy testimony, as a result of which he was subjected to a very vigorous cross-examination, is not convincing.

At the post conviction hearing, defendant at first insisted on proceeding pro se but finally accepted the assistance of the public defender. After the hearing had been held and the judgment of the trial court had been entered, the public defender requested permission to withdraw from the case for the reason that he considered

that an appeal would be without merit and of a frivolous nature. There was no objection and the court permitted counsel to withdraw. Defendant now assigns as error the failure of the trial court to assign counsel on appeal. This contention is also without merit. Under the Post Conviction Act, it is within the discretion of the district court as to whether or not legal counsel shall be appointed to represent a defendant on appeal to this court and, in the absence of a showing of an abuse of discretion, the failure to appoint counsel is not error. See State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217. No abuse of discretion appears here.

No error appearing, the judgment is affirmed.

AFFIRMED.