LARRY E. HARRIS, APPELLANT, v. MAURICE H. SIGLER,
WARDEN, NEBRASKA PENAL AND CORRECTIONAL
COMPLEX, APPELLEE.

176 N. W. 2d 733

Filed April 24, 1970. No. 37496.

Larry E. Harris, pro se.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an appeal from proceedings had in the district court for Lancaster County, Nebraska, ostensibly pursuant to the Post Conviction Act.

The petitioner, Larry E. Harris, filed a "Motion for Legal Documents," requesting that he be furnished copies of the complaint, arrest warrant, proceedings at preliminary hearing, proceedings at arraignment, all motions filed, proceedings at sentencing, commitment papers, and any other legal documents pertaining to the transcript and bill of exceptions in his criminal case. The district court, after examining the motion and records, denied the motion. The petitioner filed a notice of appeal and motion for appointment of counsel on appeal. The case was docketed, and the matter submitted to this court on briefs without oral argument.

The declared purpose of the petitioner was to attempt to determine whether or not he might have any grounds for filing a motion to vacate sentence under the Post Conviction Act. If the motion be treated as a motion for documents, denial would be interlocutory and not

appealable. Lund v. Holbrook, 157 Neb. 854, 62 N. W. 2d 112. If the matter be treated as a motion to vacate a sentence, as it apparently was by the trial court, it alleged no facts whatever which would entitle the petitioner to relief. While there is no requirement that allegations be in any technical form, nor that the grammar be any more than substantially understandable, the allegations must set forth facts. In a post conviction proceeding, petitioner has the burden of establishing a basis for relief. State v. Williams, 182 Neb. 444, 155 N. W. 2d 377.

Petitioner also complains that the district court did not appoint counsel for him on this appeal. Even if this matter were appealable, the failure to appoint counsel was not error in the absence of a showing of an abuse of discretion. State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

There was clearly no abuse of discretion here and the action of the district court in denying petitioner's motion is affirmed.

AFFIRMED.