**Raymond B. CHAVEZ, Petitioner,**

v.

**Warden, Maurice SIGLER, Nebraska State Penitentiary, Lincoln, Nebraska, Respondent.**

**Civ. No. 1774 L.**

United States District Court,
D. Nebraska.

Sept. 9, 1970.

————◆————

## MEMORANDUM

URBOM, District Judge.

The petitioner, Raymond B. Chavez, has tendered to this court for consideration documents titled "Petition for Writ of Habeas Corpus," "Statement Regarding Exhaustion of State Remedy," and "Forma Pauperis Affidavit."

The petitioner is presently incarcerated in the Nebraska Penal and Correctional Complex pursuant to his conviction in the District Court of Lancaster County, Nebraska, for crimes he describes as "assault with Intent to do Great Bodily Injury" and "Auto-Theft." Subsequent to his guilty plea to both offenses he was sentenced to three years on the assault charge and three years on the auto theft charge. Two years of the latter sentence was to run concurrently with the former sentence, so the maximum length of Chavez's confinement would be computed to be four years for both convictions.

In his petition Chavez alleges that his criminal conviction is invalid for two reasons: first, inadequate and misleading advice by his lawyer as to the elements which constitute the two crimes with which he was charged; and second, being deprived of his "right to criminal appeal by false advice of defense counsel." In addition, he includes an allegation which does not contest the validity of his conviction but instead relates to an indigent's right to receive a free trial transcript or other records of his criminal proceedings for use in preparing a motion to vacate, set aside or correct his sentence by which he may collaterally attack his conviction in the state courts.

Before this court can decide the merits presented in Chavez's petition there must have been an exhaustion of state remedies, as required by 28 U.S.C.A. § 2254. I find, however, that there has been no such exhaustion.

The Supreme Court of Nebraska has not been afforded the opportunity to decide the allegations presented to this court. Chavez did not take a direct appeal from his conviction to the Supreme Court of Nebraska. Not even the state district court has been afforded an opportunity to review Chavez's allegations, since no motion to vacate or set aside under Nebraska's post-conviction statute was ever presented for determination. Since the time of his conviction Chavez admits to filing a single motion in the

state courts, which was his unsuccessful "application for Record to Criminal Trial Court" which raises the basic issue decided by this court in Harris v. State of Nebraska, D.C., 320 F.Supp. 100. The issue in *Harris* was stated in the following language:

" * * * (W)hether an indigent state prisoner has a constitutionally secured right to obtain a copy of certain legal documents and records for the expressed intent of collaterally attacking his conviction by following the procedure required under Nebraska's post-conviction statute, without first setting out facts in his petition for post-conviction relief which support a claim that constitutional rights were infringed."

The reason Chavez has not exhausted his state remedies, in spite of denial by the District Court of Lancaster County of his motion for records from the criminal trial, can be explained by this court's holding in *Harris*, supra, wherein it was held:

" * * * (A)n indigent state prisoner does not have an absolute or unconditional right to receive a free transcript or other records arising from his state criminal proceedings for the purpose of collateral attack in the state courts, but must first allege in his motion to vacate or other tendered documents facts which show that he has been deprived at some point in the past criminal proceedings of a constitutional right which the post-conviction remedy is designed to protect. He has no right to demand a free transcript or other papers for the purpose of learning whether some constitutional right was violated."

The holding from *Harris*, supra, compels the conclusion that the state district court was under no obligation to grant his request made as an absolute right to secure records of his criminal proceedings for use in collateral attack. Chavez has not exhausted his state remedies and,

therefore, the federal court cannot reach the merits of the case.

An appropriate order dismissing the petition for writ of habeas corpus without prejudice will be entered this day.