**Raymond B. CHAVEZ, Appellant,**

v.

**Warden Maurice SIGLER, Nebraska State Penitentiary, Lincoln, Nebraska, Appellee.**

**No. 20575.**

United States Court of Appeals, Eighth Circuit.

March 4, 1971.

Raymond B. Chavez, pro se.

Clarence A. H. Meyer, Atty. Gen., and Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., filed brief for appellee.

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Su-

Before MATTHES, Chief Judge, CLARK, Associate Justice,* and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

In this appeal, Raymond B. Chavez, an indigent Nebraska state prisoner, seeks through habeas corpus to obtain a transcript of the proceedings in state court which resulted in his conviction upon a guilty plea. The federal district court dismissed the petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b). Chavez v. Sigler, 320 F.Supp. 105 (D.Neb.1970). Petitioner Chavez prosecutes this appeal, contending that he has been unconstitutionally denied a transcript of his state court proceedings solely because of his inability to pay for such records.

Petitioner Chavez is presently incarcerated in the Nebraska State Penitentiary under a four-year sentence upon charges of assault with intent to do great bodily harm and automobile theft. As substantive grounds for relief from custody, Chavez asserts that his defense counsel furnished him inadequate and misleading advice concerning the nature of the criminal charges brought against him and incorrectly advised him that no appeal could be taken from a plea of guilty. Implicit in these contentions is Chavez' claim that he was improperly induced to plead guilty when the underlying facts disclosed no more than "a round of bars looking for pick-up girls by petitioner and the victim of the alleged crimes, and * * * a common fist-fight, and at the most [the] unauthorized use of alleged victim's automobile."

In his petition to the federal district court, Chavez added the following special statement with regard to his exhaustion of state remedies:

Petitioner has applied to his criminal [Nebraska] trial court for the record and transcript with which to prepare an application for relief under

preme Court, sitting by special designation.

Nebraska Post Conviction Law in Forma Pauperis, and [he has] been denied * * * because of his inability to pay for said record * * * access to the relief provided for by said [Nebraska] post conviction law. Petitioner refers to a recent Nebraska Supreme Court decision [1] as demonstrating the futility of his proceeding further through the Nebraska courts, and he alleges that "he has exhausted his state-remedy within the meaning of the law. * * *" In dismissing Chavez' petition without prejudice, the federal district court did so on the grounds that: (1) Chavez failed to present his substantive grounds to the Nebraska state courts, and (2) the state district court was under no constitutional obligation to grant Chavez' request for the records of his conviction for use in a collateral attack.

■ With regard to Chavez' allegations of illegal incarceration, it is clear that he has not exhausted his available state remedies, since these issues have not been presented to a Nebraska state court. The Nebraska Post Conviction Act, Neb. Rev. Stat. § 29–3001 et seq. (Supp.1969), enacted in 1965, provides an adequate post-conviction remedy to raise contentions such as those raised by Chavez. Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965); Mayes v. Sigler, 428 F.2d 669 (8th Cir. 1970); Burnside v. State of Nebraska, 346 F.2d 88 (8th Cir. 1965); Dabney v. Sigler, 345 F.2d 710 (8th Cir. 1965). A federal habeas corpus petitioner's contentions must have been presented to, and considered by, a state's highest court before the petitioner will be regarded as having exhausted available state remedies. Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968); Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967);

28 U.S.C. § 2254(c). The district court thus properly determined that Chavez must first present his allegations of illegal incarceration to the Nebraska state courts before he will be regarded as having exhausted his state remedies on those issues.

The district court, having concluded that Chavez failed to exhaust his state remedies, might properly have refused to consider his request for a transcript until that request, coupled with his substantive allegations of illegal incarceration, had been presented to the Nebraska state courts. It, however, ruled on the merits of his request for a transcript. The court said:

[T]he state district court was under no obligation [as a matter of state or federal decisions], to grant his request made as an absolute right to secure records of his criminal proceedings for use in collateral attack. [320 F.Supp. at 106]

Although the substantive allegations of the petition, if proven, may establish a basis for relief, Chavez charges that the foregoing ruling of the federal district court forecloses him from utilizing Nebraska's post-conviction statute with any effectiveness. Clearly, the petitioner stands little chance of sustaining his burden of substantiating his claims without access to a transcript to disclose the circumstances surrounding his plea.

The United States Supreme Court has repeatedly ruled that once a state makes a remedy available to prisoners, it may not deny that remedy to certain prisoners solely on the basis of their indigency. In Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966), the Supreme Court held that an indigent had a constitutional right to a free transcript on his habeas corpus

---

1. Harris v. Sigler, 185 Neb. 483, 176 N.W. 2d 733 (1970), which holds that an order of the state district court denying a state prisoner's motion for documentary evidence, without more, cannot be appealed to the Nebraska Supreme Court.

Harris subsequently sought to obtain a copy of the trial records through federal habeas corpus, but was denied relief. Harris v. State of Nebraska, 320 F.Supp. 100 (D.Neb.1970).

proceeding for use on appeal. The Court stated:

> The State properly concedes that under our decisions in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), and Lane v. Brown, 372 U. S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963), "to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." Smith v. Bennett, *supra*, 365 U.S. at 709, 81 S.Ct. 895. We specifically held in *Smith* that having established a post-conviction procedure, a State cannot condition its availability to an indigent upon any financial consideration. [385 U.S. at 194, 87 S.Ct. at 364]

Similarly, in Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), the Court observed:

> Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution. [389 U.S. at 42, 88 S. Ct. at 196]

More recently, in Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed. 2d 601 (1969), the Supreme Court once again faced the question of an indigent's right to a free transcript. In *Gardner*, the petitioner, a California state prisoner, filed a request for habeas corpus relief which the state trial court denied. Under California law, the petitioner possessed no right to appeal from that denial, but the law afforded him the opportunity to file a new petition with either the Intermediate Court of Appeals or with the California Supreme Court. Since petitioner Gardner wished to file a new petition with a higher court, he requested a free transcript of his evidentiary hearing before the California state court. The California courts denied his request. The United States Supreme Court granted certiorari and reversed.

Speaking for the Court, Mr. Justice Douglas said:

> It is argued that since petitioner attended the hearing in the Superior Court, he can draw on his memory in preparing his application to the appellate court. And that court, if troubled, can always obtain the transcript from the lower court. But we deal with an adversary system where the initiative rests with the moving party. Without a transcript the petitioner, as he prepared his application to the appellate court, would have only his own lay memory of what transpired before the Superior Court. For an effective presentation of his case he would need the findings of the Superior Court and the evidence that had been weighed and rejected in order to present his case in the most favorable light. Certainly a lawyer, accustomed to precise points of law and nuances in testimony, would be lost without such a transcript, save perhaps for the unusual and exceptional case.

> \* \* \* \* \* \*

> Since our system is an adversary one, a petitioner carries the burden of convincing the appellate court that the hearing before the lower court was either inadequate or that the legal conclusions from the facts deduced were erroneous. A transcript is therefore the obvious starting point for those who try to make out a case for a second hearing.

> \* \* \* \* \* \*

> So long as this system of repeated hearings exists and so long as transcripts are available for preparation of appellate hearings in habeas corpus cases, they may not be furnished those who can afford them and denied those who are paupers. [393 U.S. at 369–370, 89 S.Ct. at 582–583 (footnotes omitted.)]

In Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the Court declined to rule on the issue of whether or not the Constitution requires a state to furnish an indigent state pris-

oner a free trial transcript to aid him in preparing a collateral attack upon his conviction. In remanding the case, however, the Supreme Court directed the federal district court to retain jurisdiction of the matter on its docket pending the petitioner's successful efforts to obtain access to the original transcript or a copy thereof.

██ In summary, when a state creates a post-conviction remedy, it may not limit its availability to those able to pay for it. Such action raises serious constitutional questions. The fact that petitioner Chavez alleges a violation of a constitutional right, however, will not permit him to circumvent the exhaustion of state remedies requirement of 28 U.S.C. § 2254. Having raised this constitutional issue, in addition to alleging substantive grounds, which, if true, might entitle him to relief, Chavez must first afford the Nebraska state courts an opportunity to consider both matters. The record discloses that petitioner has yet to present his request for a transcript to a Nebraska state court in connection with a petition for post-conviction relief. Chavez' mere request for a transcript from the state court, without more, does not constitute an exhaustion of his state remedies as required by 28 U.S.C. § 2254. The request must be made as an adjunct to his substantive allegations, and petitioner needs to demonstrate a need for the transcript. See Snyder v. State of Nebraska, 435 F.2d 679 (8th Cir. 1970), and cases cited therein. Unless respondents can demonstrate that Chavez may otherwise obtain necessary information to support his petition, see Wade v. Wilson, *supra,* the State of Nebraska must furnish Chavez with the transcript that he requests.

██ We specifically limit our comments to the circumstances specifically before us, that of a prisoner who shows need for a transcript to support the substantive allegations of his habeas corpus petition. The mere fact of indigency does not demonstrate entitlement to free transcripts upon request for the purpose of searching the record at random in an attempt to find possible grounds to assert a claim for post-conviction relief. See Walker v. United States, 424 F.2d 278 (5th Cir. 1970). The prisoner must show a reasonably compelling need for the specific documentary evidence which he requests. Parenthetically, we note that the transcript requested by Chavez bears a direct relationship to the ultimate issue he seeks to raise in the post-conviction process: Whether he voluntarily and intelligently pleaded guilty. We, of course, here intimate no view on the merits of Chavez' substantive allegations of illegal incarceration.

Accordingly, we *affirm the district* court's dismissal on grounds that petitioner has failed to exhaust his state remedies. Should the Nebraska courts, in subsequent proceedings, decline to afford petitioner a meaningful postconviction hearing, Chavez may again petition for relief through the federal district court.